## Petruzzi Estate.

Argued January 8, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Max Rosenn,* with him *Frank P. Lawley, Jr.,* and *Rosenn, Jenkins & Greenwald,* for appellant.

*Louis G. Feldmann,* with him *Richard A. Kane,* for appellee.

OPINION PER CURIAM, April 16, 1963:

At the audit of the final account in the Estate of T. W. Petruzzi, there remained outstanding but one unpaid claim, that of appellant, E. A. Koons, for $3,-900.62. This amount, it was alleged, represented the balance due on purchases of livestock by decedent totalling $4,200.62.

Appellant argues that the administratrix admitted the debt when she listed it in the statement of debts and deductions filed with the register of wills and in two petitions for leave to sell real estate. In these documents, however, administratrix made no such admission; she merely listed claims which had been filed against the estate, nothing more. See *Compton v. Heilman,* 331 Pa. 545, 1 A. 2d 682 (1938).

Appellant's basic support for his claim rests on a memorandum book which was first admitted into evidence over objection and subsequently excluded. The book, containing pencil entries of dates, names or initials, numbers, and the like, was offered for admission under the Uniform Business Records as Evidence Act.[1]

---

[1] Act of May 4, 1939, P. L. 42, 28 P.S. §91a.—d. Section 2, 28 P.S. §91b. provides: "A record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or

Appellant testified to the time and manner of preparation of the entries and explained particularly that an X in front of an amount meant that it had been paid. He testified also that decedent had paid $300 on account, although this payment was not recorded in the book. Left unexplained was the erasure of an X in front of one item ($504) here claimed due. Appellant's son and daughter-in-law testified that the book was in appellant's handwriting and that the entries were made substantially at the time of the transactions recorded.

The court ordered stricken from evidence all of appellant's testimony on the ground that it violated the Dead Man's Rule.[2] The court refused admission to appellant's record book on the grounds that there was no competent testimony presented explaining the bookkeeping system, the numerous erasures and alterations throughout the book (particularly the erasure appearing in front of the $504 charge), and the failure of the record to show the $300 payment, and that it was impossible to substantiate the submitted claim by reference to the book.

Even assuming (without deciding) that his testimony in proof and explanation of his entries should not have been stricken, as appellant contends, the memorandum book was properly excluded. As early as 1840, in *Churchman v. Smith,* 6 Wharton 146, 151, this Court said: "A book of entries, manifestly erased and altered in a material point, cannot be considered . . . as a book of original entries, and ought to be rejected by the court, unless the plaintiff gives an explanation,

other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method and time of preparation were such as to justify its admission."

[2] Act of May 23, 1887, P. L. 158, §5(e), 28 P.S. §322.

which does away with the presumption which must exist on its face." Accord, *Huffman Estate,* 349 Pa. 59, 36 A. 2d 640 (1944); see 1 Henry, Penna. Evidence §122 (1953).

Examination of the record book reveals that the charges there recorded are not in agreement with the statement submitted to the estate. Appellant's testimony of the payment by decedent of $300 is not competent to reconcile this discrepancy. Such testimony is beyond proof of the business record itself and seeks to establish a transaction not there recorded. This is in direct violation of the Dead Man's Rule.

The exclusion of the memorandum book leaves only the testimony of appellant's son that he delivered livestock to decedent's place of business but had not been paid at that time. He was unable to recall the exact dates of delivery, although he did remember the year.[3] This testimony, alone, is insufficient to establish the claim against the estate.

None of the properly (or assumed) admissible testimony meets the required test that " 'a claim against a decedent's estate can be established and proved only by evidence which is clear, direct, precise and convincing.' " *Petro v. Secary Estate,* 403 Pa. 540, 543, 170 A. 2d 325, 327 (1961). The court below properly dismissed appellant's claim.

The decree is affirmed. Each party to pay own costs.

---

[3] Decedent died over ten years prior to the audit hearing. Apparently the delay was to allow sufficient time to establish the solvency of the estate.