## Sechler Estate.

Argued March 21, 1963. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Lawrence L. Davis*, with him *Davis and Davis*, for appellant.

*Charles H. Harris*, with him *Thomas A. Swope, Albert G. Liddell, Jr., N. H. Leventon, Gilbert M. Gerber,* and *Shettig, Swope & Shettig*, for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 16, 1963:

The parties to the present appeal were before us about 2½ years ago in a case involving the same transactions which are before us in the instant case. See *Sechler v. Sechler*, 403 Pa. 1, 169 A. 2d 78. The facts in the two cases are as follows:

On April 2, 1940, Mrs. Elsie Sechler was the sole owner of certain improved property in Cambria County known as the Highland Hotel. On that date she conveyed these premises through a straw party to herself and her son, William Baker Sechler, as joint tenants with the right of survivorship. The deed was absolute on its face; it was clear; and it gave no indication that William was to hold title in any fiduciary capacity, or that it was an advancement. At or about the same time, Mrs. Sechler made her daughter Margaret beneficiary of her life insurance which, at the time of her death, had a value of approximately $9,000.

Mrs. Sechler died on February 7, 1958, leaving a will, dated March 5, 1956, in which she bequeathed and devised her entire estate equally to her two children.[*] Mrs. Sechler left two children, William and Margaret, the present appellant.

---

[*] Under an earlier will dated in 1932, Mrs. Sechler had devised the hotel property to her children. She had also provided that part of her insurance was to be used to liquidate a mortgage on such real estate.

When William filed his executor's account in his Mother's estate and did not include therein the proceeds of the sale of the hotel property and the furnishings, Margaret filed exceptions. The basis of Margaret's exceptions was that Mrs. Sechler's conveyance of the hotel property and her delivery of its contents, to William, in 1940, 16 years before the date of her will, constituted an *advancement* to him. The Orphans' Court held that the evidence was inadequate to sustain Margaret's claim and dismissed her exceptions.

It is contended that the decree of the Orphans' Court should be affirmed for each of the following reasons: (1) res adjudicata, (2) the law of the case, and (3) lack of evidence to prove Margaret's claim.

We shall consider points (1) and (2) together. On April 13, 1958 Margaret Sechler instituted an equity action against her brother William, seeking (1) to enjoin him from encumbering the Highland Hotel,* and (2) to have him declared trustee for her of a one-half interest in that property. She claimed a one-half interest in the hotel property by virtue of an oral agreement allegedly made in 1940 between her Mother and her brother William at the time of the aforesaid conveyance of the hotel property to her brother, under which her brother expressly or impliedly agreed to hold the property in trust for himself and her (Margaret) in equal shares. This Court held in *Sechler v. Sechler,* 403 Pa., supra, that Margaret failed to establish any such oral agreement or understanding by clear, positive and convincing testimony.

Margaret, we repeat, now claims that the aforesaid conveyance of the Highland Hotel property to Mrs. Sechler and William as joint tenants with right of sur-

---

* After commencement of this equity suit, William sold the hotel property for $39,500 and the furnishings for $3,000, but it was agreed that the proceeds to be held in escrow pending the decision of the Court in that suit.

vivorship was intended to be and constituted an advancement made by her mother to her brother William.

The law relative to advancements and the evidence necessary to establish an advancement was recently set forth in *Laughlin Estate*, 354 Pa. 43, 47, 46 A. 2d 477. As we said in *Laughlin Estate*, "In case of *testacy* where the will does not refer to advancements it is considered that the will extinguishes or merges all prior advancements. The law presumes that by making such a will testator disposed of his estate as he desired and with due consideration for the rights of those to whom advancements had been made."

It is not necessary to decide whether res adjudicata or the law of the case apply—see *Wallace's Estate*, 316 Pa. 148, 153, 174 A. 397; *Brown Estate*, 408 Pa. 214, 231, 183 A. 2d 307; *Burke v. Pittsburgh Limestone Corporation*, 375 Pa. 390, 100 A. 2d 595—or even base our decision on the presumption laid down in *Laughlin Estate* with respect to advancements.

We have reviewed the record and we agree with the Court below that the evidence presented on behalf of Margaret was insufficient to establish her claim or to prove by clear, direct, precise and convincing evidence an intention on the part of her mother to make an advancement to William. Cf. *Secary Estate*, 407 Pa. 162; 180 A. 2d 572, and *Petro v. Secary Estate*, 403 Pa. 540, 170 A. 2d 325.

Decree affirmed, appellant to pay the costs.