## Hendel Estate

*Michael J. O'Malley*, for petitioner.

*Maurice W. Baruth* and *M. Leon Tolochko*, for respondent.

HAY, J., April 18, 1969.—Decedent, Robert Hendel, died testate on December 29, 1967. On January 11, 1968, letters testamentary were granted to the executors named in his will. On January 9, 1969, the executors filed an inventory in decedent's estate, and among the assets listed was a 90 percent interest in a corporation known as Triangle Recreation Company, valued at $180,000.

Marie Hendel, decedent's widow, objected to the inventory as filed in accordance with section 320.405 of the Fiduciaries Act of April 18, 1949, P. L. 512, as amended, because of the inclusion in the inventory

as filed of a 90 percent interest in the Triangle Recreation Company valued at $180,000. The case then came on for hearing on February 13, 1969, at which hearing certain stipulations were entered into, among which were that the Triangle Recreation Company was incorporated July 30, 1946, at which time 10 shares were issued: 8 shares to decedent, 1 share to Marie Hendel and 1 share to Peter Cooper. The one share issued to Peter Cooper was then assigned to Robert Hendel, decedent herein, making him at that time the owner of 9/10 or 90 percent of the Triangle Recreation Company. The surviving spouse, Marie Hendel, on direct examination, testified that she was the secretary of the corporation, that there were ten shares of stock in the corporation, that her husband owned six shares, that she owned the remaining four shares, that the certificates were in his possession and were kept at the bowling alley, Triangle Recreation on Penn Avenue, Pittsburgh. Mrs. Hendel further stated that when the corporation was formed, eight shares were issued to her husband, decedent, and one share was issued to her and one share to Peter Cooper, and shortly thereafter, sometime around 1946, 1947 or 1948, the shares were changed, giving her four shares or 40 percent of the corporation. On cross examination Mrs. Hendel testified that she had seen these shares of stock some seven or eight years ago when decedent brought them home, and that she presumed that he had then returned them to the bowling alley. Mrs. Hendel concluded her testimony by stating: "I saw them and he had me sign them." The only other witness testifying was Donald S. Plung, a coexecutor of decedent's estate, who is a certified public accountant and whose firm had been the accountant for the decedent for the past 25 years. Mr. Plung stated that he had made a diligent search for the stock certificates for all of the corporations that decedent owned

stock in, and that he was unable to find either the shares, the stock certificates or the minute books, which, as he understood from his last conversation with decedent, decedent had taken home. Mr. Plung further testified he had never made a gift tax return for Mr. Hendel, decedent herein, of any gifts or any securities from decedent to his surviving spouse, although he had prepared and filed all decedent's personal income tax returns and corporate returns. The question therefore confronting this court is whether or not under the above stated facts and circumstances there had been a transfer and/or gift of three shares of stock of the Triangle Recreation Company from decedent to his surviving spouse.

It is a well settled principle that claims against a dead man's estate, including a claim of a gift inter vivos, can be established only by evidence which is clear, direct, precise and convincing: Petro v. Secary Estate, 403 Pa. 540, 543 (1961). See also Cameron Estate, 388 Pa. 25 (1957), Liggins Estate, 393 Pa. 500 (1958); and Martella Estate, 390 Pa. 255 (1957).

To establish a gift inter vivos, two essential elements must be made to appear. It must be first proved that there was a present donative intent or purpose to give; and secondly this donative intent must be coupled with an actual or constructive delivery of the subject matter of such a nature as will divest the donor of dominion and control and invest the recipient therewith. See Titusville Trust Company, 375 Pa. 493 (1953) and Chapple's Estate, 332 Pa. 168 (1938). Nor is the endorsement on a stock certificate or the failure to endorse a controlling factor in the determination of a gift inter vivos: Connell's Estate, 282 Pa. 555 (1925).

In the instant case, we have only the testimony of the decedent's surviving spouse that she owned four shares of the corporation, that she had seen the stock

certificates seven or eight years ago, and that decedent had endorsed them. There is no evidence that the stock in question was ever registered in Mrs. Hendel's name. This testimony was contradicted by the testimony of Donald S. Plung, one of the coexecutors, who stated that the certificates could not be found, that the minute books could not be found and that he had prepared decedent's personal income tax and corporate income tax returns, and had at no time prepared any gift tax return for the decedent indicating a gift of the said stock to the surviving spouse.

The only evidence before this court as to the actual number of shares of stock issued, and to whom, were the articles of incorporation, which show that shares were issued in the following manner: decedent, 8 shares; the surviving spouse, 1 share; Peter Cooper, 1 share; counsel for both the estate and the claimant stipulated that Peter Cooper had assigned his one share to decedent.

This court finds that under these facts, stipulations and the testimony as given, claimant has not met her burden requiring her to show that there was an actual present donative intent by decedent to give her the stock, coupled with delivery sufficient to divest the giver of all dominion and invest the recipient therewith.

The testimony of Mrs. Hendel is void of any indication that there was an actual or constructive delivery of the certificates from decedent to her. In addition thereto, she as secretary of the corporation would certainly have had to have new certificates prepared showing the transfer or assignment of these three shares from her husband to her, and her testimony is barren of any statements showing the preparation of new certificates by the secretary. Also, as stated above, decedent's accountant of some 25 years testified that although he had prepared all personal

income tax and corporate tax records, he had never prepared any gift tax return from the decedent to his surviving spouse, which in this case for three shares of stock would amount to approximately $60,000, at present value.

The objection to the inventory in the Estate of Robert Hendel, deceased, filed by the petitioner, Marie Hendel, is accordingly dismissed.

And now, to wit, April 18, 1969, after hearing testimony, the evidence presented, stipulations and reviewing the briefs as presented and upon consideration thereof, it is hereby ordered, adjudged and decreed that the objection to the inventory filed by Marie Hendel under section 320.405 of the Fiduciaries Act of 1949, as amended, is dismissed.