ADJUDICATION
KLEIN, Adm. J.,
— Samuel H. Daroff died February 14, 1967, leaving a will dated August 14, 1964, which was admitted to probate March 2, 1967, when letters testamentary were granted. .. .
Jerome Bloom and Erwin Bloom, co-partners, trading as General Paper & Box Company, presented a claim in the amount of $3,500, alleged to be the balance due on a series of loans made to decedent over a period of years, commencing in 1955.
The principal witness called by claimants in support of their claim was Jack Yampolsky, a certified public accountant who has been the accountant for claimants *276 since the inception of their business in 1947. Mr. Yampolsky prepared an abstract of the transactions between claimants and decedent from the books and records of their company. He testified, page 15:
“A. I made the abstract on April 1, 1967, and what the abstract indicates is that there was a loan made to Samuel Daroff in December, 1955, in the amount of $10,000, that reductions were made on that loan in December, 1955, and in July, 1956, in the amounts of $1,000, that in June, 1958, an additional loan was made to Mr. Daroff of $10,000, that in July, 1958, a reduction was made on the then outstanding balance of the two loans combined of $12,000, that on June 19, 1959, an additional $10,000 loan was made to Mr. Daroff, that in July, 1959, a reduction was made in the amount of $12,000, that a final entry on the Daroff account appears in May, 1962, and it is a reduction in the amount of $500. The balance after that final reduction is $3500.”
The crucial factor in this case is the $500 entry of May 1962. Without this entry the claim would clearly be barred by the statute of limitations, as the last previous payment on account of the alleged loans is stated to have taken place in July 1959, eight years before Mr. Daroff’s death. The original entry in the journal of the company of the alleged payment of $500 was made by Bertha Marnell, who is no longer employed by the company and who was not called as a witness. Mr. Yampolsky said he made “almost all of the entries in the general ledger.” He did not, however, have any recollection of the entry of $500 in May 1962, and it appeared that he had no way of knowing whether the alleged payment was actually made, and, if made, whether it was in cash or by check, or the circumstances attending the payment.
*277 At the audit, counsel for the accountants confronted Mr. Yampolsky with a check in the amount of $12,000, dated July 2, 1957, signed by Samuel H. Daroff, payable to Jerome Bloom and deposited in the claimants’ firm account. This payment was not included in Mr. Yampolsky’s abstract. It is, therefore, evident that the abstract is not complete and does not set forth all of the transactions between the parties. Mr. Yampolsky’s explanation of his failure to include this item was completely unconvincing. Moreover, his admitted failure, as accountant for the firm, to verify this old stale claim carried as an asset of the firm raises serious doubt as to his reliability as a witness.
In Petruzzi Estate, 410 Pa. 554 (1963), one of the reasons for refusing admission of claimant’s record book was the failure of the record to show a payment which was alleged to have been made, as a result of which it was impossible to substantiate the claim by reference to the book. The court said, in a per curiam opinion, at page 557:
“Examination of the record book reveals that the charges there recorded are not in agreement with the statement submitted to the estate. Appellant’s testimony of the payment of decedent of $300 is not competent to reconcile this discrepancy. Such testimony is beyond proof of the business record itself and seeks to establish a transaction not there recorded.”
This claim must be approached with great caution because of the background of this case. Decedent, Samuel H. Daroff, was one of Philadelphia’s leading philanthropists and a most respected community leader. One of the city’s largest hospitals has been named in his honor. His gross estate was in excess of $2,500,000 and he bequeathed over $200,000 to charities. It is difficult to believe that such a man *278 would take advantage of a very close friend for the relatively small amount involved in this litigation.
The law is firmly established that a claim against a decedent’s estate which might have been presented to a party in his lifetime, will be subjected to the most careful scrutiny. The terms of such a claim must be clear, certain, definite, precise and convincing: Reuss Estate, 422 Pa. 58 (1966); Petruzzi Estate, supra; Kenna Estate, 348 Pa. 214 (1943); Rae’s Estate, 345 Pa. 48 (1942); Deal’s Estate, 321 Pa. 484 (1936); Schwoyer’s Estate, 288 Pa. 541 (1927); Hirst’s Estate, 274 Pa. 286 (1922). Moreover, the burden of claimants to establish their claim by strict proof is particularly heavy if, as in the present case, the claim is a stale one: Conrad’s Estate, 333 Pa. 561 (1938); Moore Estate, 349 Pa. 236 (1944). As a corollary to this rule, the same quality of strict proof is required to toll the operation of the statute of limitations when stale claims are presented: Huffman Estate (No. 3), 349 Pa. 59 (1944); Moore Estate, supra; Harbaugh’s Estate, 320 Pa. 209 (1936).
The Pennsylvania Legislature has adopted the provisions of the Uniform Business Records as Evidence Act by the Act of May 4, 1939, P. L. 42, 28 PS §91a et seq., which provides:
“Section 1. The term ‘business’ shall include every kind of business, profession, occupation, calling, operation of institutions, whether carried on for profit or not.
“Section 2. A record of an act, condition or event shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at *279 or near the time of the act, condition or event, and if, in the opinion of the court, the sources of information, method amd time of preparation were such as to justify its admission. (Italics supplied.)
“Section 3. This act shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it.”
General Paper & Box Company is engaged in the business of manufacturing and selling paper boxes and paper products. Admittedly, it is not engaged in the banking, finance or loan business. The claim in question stems from personal loans alleged to have been made by Jerome Bloom, one of the partners in the company, to his very close friend, Samuel H. Daroff, the decedent. Obviously, these loans had nothing to do with the general business of the company. It is therefore exceedingly doubtful whether they can be considered as “made in the regular course of business” of claimants’ company.
In Stuckslager v. Neel, 123 Pa. 53 (1888), the court said, page 60:
“. . . The only argument presented in support of the offer is that books of original entry are admissible to prove sales of merchandise. But it is apparent that the entry is not competent for that reason, because it was not a sale of merchandise at all, but a special transaction, a sale of fifteen river flats, the seller not being engaged in that kind of business. It would be just as competent to prove the sale of a house or any specific chattel by a book entry as to prove the sale of these flats in that manner. The rule is perfectly familiar, and is illustrated in the case of Shoemaker v. Kellog, 11 Pa. 310, in which we held that books of original entry are not evidence of the casual sale of an article not in the course of the party’s *280 business, and of which it is usual to take other proof or evidence of sale . . .”
Neither the bookkeeper who made the original entry in the company’s journal, nor any other person, was called to establish that the entry of the alleged receipt of the $500 was made “at or near the time of the act, condition or event.” No evidence was produced to indicate that the payment actually was made by decedent and if made, whether it was made in cash or by check. Apparently, it was not made by check as Harold Lashner, Secretary and Assistant Treasurer of H. Daroff & Sons, was called by claimant as a witness. He testified that he examined the records of H. Daroff & Sons, Inc., and of decedent and failed to find that a check in the amount of $500 had ever been issued to Mr. Jerome Bloom or General Paper & Box Co. at any time.
In Haas v. Kasnot, 371 Pa. 580, 586 (1952), speaking for a unanimous court, Chief Justice Horace Stern said:
“. . . In answer to defendant’s contention that the report was admissible under the Uniform Business Records as Evidence Act of May 4, 1939, P. L. 42, it is sufficient to state, as was said in Freedman v. The Mutual Life Insurance Company of New York, 342 Pa. 404, 414, 21 A. 2d 81, 86, that ‘. . . The Act did not intend to make relevant that which is not relevant, nor to make all business and professional records competent evidence regardless of by whom, in what manner, and for what purpose they were compiled, or offered.’ The statute itself conditions the admissibility of such a record upon the court’s being of opinion that ‘the sources of information, method and time of preparation were such as to justify its admission.’ See Lane v. Samuels, 350 Pa. 446, 450, 39 A.2d 626, 628; McKeehan Estate, 358 *281 Pa. 548, 552, 57 A.2d 907, 909; Commonwealth v. Harris, 351 Pa. 325, 330, 331, 41 A.2d 688, 691, 692.”
See also Mahoney v. Minsky, 39 N. J. 208, 188 A.2d 161 (1963), and the cases cited therein for a discussion of the discretion conferred upon the trial judge in the application of the Uniform Business Records as Evidence Act.
The auditing judge is of the opinion that the testimony offered by claimants in support of their claim does not establish that the sources of information, method and time of preparation were such as to justify the admission in evidence of the $500 entry of May 1962. The auditing judge, therefore, rules that the book entries of the General Paper & Box Co. purporting to establish the fact that Samuel H. Daroff was indebted to the company in the amount of $3,500 and that the operation of the statute of limitations had been tolled by the alleged entry of $500 in May 1962, have not been proven in accordance with the provisions of the Uniform Business Records as Evidence Act of 1939. The objection of Mr. Ball, counsel for the accountant, to the admission of this evidence is therefore sustained. Without this, claimants’ case is wholly devoid of credible testimony to support their claim.
But even if we assume arguendo that the book entries were properly introduced into evidence, the auditing judge would nevertheless be compelled to dismiss the claim. We must not forget that claimants are attempting to enforce a stale claim against the estate of a deceased, respected and wealthy citizen, which could readily have been presented in his lifetime. The proof offered in support of the claim and to toll the statute of limitations does not meet the *282 rigid requirements of the law that it be clear, certain, definite, precise and convincing.
Frank Fogel, for exceptants.
Harry Norman Ball, Sidney Margulies and I. Jerome Stem, contra.
March 18, 1971.
Moreover, admitting this claim under the circumstances existing in this case would create an extremely dangerous precedent. Allowance of claims of this nature could lead to the presentation of many unjustified claims against the estates of dead persons. The Uniform Business Records as Evidence Act was not intended to encourage or facilitate such claims. It was enacted to create a practical and orderly procedure for persons and corporations engaging in business, whether for profit or not, to present evidence in legal proceedings of records pertaining to the regular course of their business. This is not such a case.
The claim of Jerome Bloom and Erwin Bloom, co-partners, trading as General Paper & Box Co., for $3,500 is dismissed. . . .
And now, January 7, 1971, the account is confirmed nisi.
OPINION SUR EXCEPTIONS TO ADJUDICATION
LEFEVER, J.,
— We have examined the entire record in this case and given careful consideration to the briefs and oral argument of counsel. We are of one mind that there is no merit in the exceptions.
Crucial to the issue in this case is the fact, repeatedly emphasized by exceptants’ counsel, that the transaction upon which the claim is based was a personal loan between two intimate friends, namely, Jerome Bloom and decedent. The transaction had *283 nothing to do with claimants’ business which is a paper and box company. It follows that the sketchy record on the books of General Paper and Box Company of an alleged payment of $500 by decedent in 1962 on account of his alleged debt to Jerome Bloom was not “a record . . . made in the regular course of business at or near the time of the action.”* Hence, the Uniform Business Records as Evidence Act does not apply and the alleged record was not admissible into evidence. For this, and the reasons so cogently stated by the learned auditing judge in his scholarly adjudication, the claim was properly denied.
Accordingly, the exceptions are dismissed and the adjudication is confirmed absolutely.

 In addition to the authorities cited in the adjudication, see, also, Githens, Rexamer & Co., Inc. v. Wildstein, 428 Pa. 201, 204, et seq.