## Davis v. Building Maintenance Industries, Inc.

*William M. Gross,* for plaintiff.
*Joseph A. Klein,* for defendant.

WICKERSHAM, J., August 31, 1972.—One of the defendants herein, Donald L. Brown, has filed preliminary objections to plaintiff's complaint.

This is a horse quickly curried. The preliminary objections are sustained.

Plaintiff, Gilbert P. Davis, brought suit in assumpsit and in trespass alleging briefly that he was entitled to a finder's fee under a written agreement providing for such a fee in the event that he obtained a buyer for one of defendants herein.[1]

## BACKGROUND

Plaintiff's complaint reveals that Gilbert P. Davis, a professional engineer, was an advisor to defendant Building Maintenance Industries, Inc. (hereinafter "BMI") during the period 1968-69. Further, BMI had previously been known as Maintenance Corporation of America, a change of name having been effected in February 1969. Defendant, Donald L. Brown, is alleged to have been the president of BMI.

In August of 1968, plaintiff, Gilbert P. Davis, entered into an agreement with Maintenance Corporation of America, executed on its behalf by its president, defendant, Donald L. Brown, whereby plaintiff would attempt to find a prospective buyer of Maintenance

---

[1] Pennsylvania Rules of Civil Procedure 1020 provides for pleading alternatively in assumpsit and trespass.

Corporation of America in return for a fee as set forth in the agreement.

The complaint further alleges that on or about August 19, 1968, plaintiff, Gilbert P. Davis pursuant to the written agreement proposed to Maintenance Corporation of America a company by the name of The Macke Company, one of defendants herein, as a prospective buyer of Maintenance Corporation of America.

The complaint further alleges that in October of 1969 defendant, Macke Company, indeed, did effectively acquire defendant, BMI, by purchasing from defendant, Donald L. Brown, all of the issued and outstanding stock of BMI, transferring in return to defendant, Donald L. Brown, shares of stock in Macke Company having an alleged value of a quarter million dollars at that time. The complaint concludes that plaintiff, Gilbert P. Davis, is entitled to a six percent commission, or $15,000, and that defendants have refused to pay the said fee.[2]

---

[2] As stated hereinabove, the complaint is alternatively grounded in assumpsit and in trespass. The first count against BMI in assumpsit predicated on the written agreement referred to hereinabove; the second count in assumpsit against BMI making claim for professional services rendered in late 1968 and early 1969 and is not the subject of controversy in the present preliminary objections; the third count against Donald L. Brown in assumpsit for benefits allegedly conferred as a result of the information supplied to the said Brown by plaintiff which allegedly led to the exchange of stock; and the fourth count in trespass against defendants Brown and Macke Company jointly and severally for malicious interference with the contract rights flowing between plaintiff and BMI. Only the third count and fourth count of plaintiff's complaint are before us at this time on the preliminary objections filed by defendant, Donald L. Brown. Parenthetically, the other defendants, BMI and Macke Company, filed an answer to the complaint.

## PRELIMINARY OBJECTIONS OF DEFENDANT, DONALD L. BROWN

The prelminary objections filed by defendant, Donald L. Brown, as to the third count of plaintiff's complaint are, alternatively,a demurrer and a motion to strike and a motion for a more specific complaint; and the same is true as to the fourth count of plaintiff's complaint.[3]

The demurrer to count three of plaintiff's complaint has as its basic thrust the allegation that defendant, Donald L. Brown, was not a party to the finder's fee agreement, although he signed it as president of the corporation, and that he cannot, therefore, be held personally liable either as a corporate officer or shareholder for any alleged claim arising out of a purported breach of the contract by defendant, BMI. The thrust of the demurrer to the fourth count of plaintiff's complaint, an action in trespass in which plaintiff seeks to hold defendant, Donald L. Brown, liable for damages alleged to have resulted from defendant's malicious, wrongful and unlawful interference with plaintiff's contractural rights under the agreement referred to hereinabove, is that the finder's fee agreement was to have been paid by defendant, BMI, and not defendant, Donald L. Brown, personally and, further, that Donald L. Brown as president of BMI had a legal privilege and reasonable justification in not having that corporation pay any claim against it which he deemed was not meritorious and, further, that an action in trespass for malicious interference with contractural rights may only be brought against a third party who is not a party to the contract in question.

---

[3] Rule 1028(b) of the Pennsylvania Rules of Civil Procedure provides for inconsistent preliminary objections and alternative preliminary objections.

## DEMURRER TO THIRD COUNT

The third count of plaintiff's complaint avers that plaintiff entered into an express contract with BMI, Inc.;[4] that the contract was negotiated on behalf of BMI by its president, defendant, Donald L. Brown,[5] and that as a result of plaintiff's performance of his duties under the contract, defendant Brown received substantial financial benefits in his capacity as sole or principal owner of BMI;[6] and finally that the fair value of those benefits is $15,000.[7]

The demurrer of defendant Brown is based, in part, on the erroneous assumption that the complaint either seeks to join defendant Brown as a party to the express contract or that an implied, in fact, contract arose between plaintiff and defendant Brown. Even though plaintiff's brief contains misleading language to this effect, no such intimation can be found in the complaint itself. In his complaint, plaintiff merely avers that defendant Brown, in his separate and individual capacity, received a benefit from plaintiff which it allegedly would be unjust for him to retain at plaintiff's expense. There is no language in the complaint to suggest that any contract existed between plaintiff and defendant Brown and, as a consequence, the demurrer could not be sustained on that position.

If plaintiff is to recover, however, it must be under a theory of quasi-contract for unjust enrichment. The difficulty here is that plaintiff avers that an express contract exists covering the transaction. Under ordi-

---

[4] Paragraph 18 thereof incorporating by reference the entire express contract count.

[5] Paragraphs 4 and 20.

[6] Paragraph 21.

[7] Paragraph 23.

nary circumstances, this would limit his remedy to an action on the contract.

". . . It is well settled that where a claim is made upon an express contract to pay a fixed sum, on failure to prove the contract, claimant may not recover on a *quantum meruit*:"[8]

The present case, however, is one where the quasi-contract is not asserted against the other contracting party (i.e., BMI) but rather against a third-party beneficiary, to wit, defendant Brown. The issue, therefore, is whether a cause of action in quasi-contract against a third-party beneficiary **exists** where the complaint avers the existence of a contract in fact covering the transaction in question.

In Meehan v. Cheltenham Township, 410 Pa. 446 (1963), at page 450, the court adopted the Restatement, Restitution, §110, in the following language:

". . . Section 110 deals with the situation where a third party benefits from a contract entered into between two other parties. It provides that, *in the absence of some misleading by the third party*, the mere failure of performance by one of the contracting parties does not give rise to a right of restitution against the third party." (Italics supplied.)

It is clear that an indispensable element of a valid cause of action under these circumstances is an averment of some *misleading* on the part of the third party where there exists a contract, in fact, covering the transaction in question.[9] Due to the fact that the complaint in the instant situation avers the existence of a

---

[8] Burr Estate, 381 Pa. 547 (1955), at page 548; Reuss Estate, 422 Pa. 58 (1966).

[9] DeGasperi v. Valicenti, 198 Pa. Superior Ct. 455, 181 A. 2d 862 (1962); Callano v. Oakwood Park Homes Corp., 91 N. J. Superior Ct. 105, 219 A. 2d 332 (1966); Paschall's Inc. v. Dozier, 219 Tenn. 45, 407 S. W. 2d 150 (1966).

contract in fact covering the transaction, and because it contains no averment of any misleading or fraud on the part of the third party, defendant Donald L. Brown, the demurrer must be sustained with leave, however, granted to plaintiff to amend the complaint within 20 days.

## DEMURRER TO FOURTH COUNT

The fourth count avers that a finder's agreement exists between plaintiff and defendant BMI; that pursuant to this agreement plaintiff found and introduced defendant, Macke Company, to defendant, BMI, as a prospective purchaser; that defendant Brown and defendant, Macke Company, consummated an exchange of capital stock; that no compensation was paid to plaintiff; and finally that, as a result of this intentional and malicious interference with plaintiff's rights under the agreement with defendant, BMI, plaintiff is entitled to punitive as well as compensatory damages from defendants, Donald L. Brown and Macke Company, jointly and severally, in amounts in excess of $10,000.

Defendant Brown's demurrer is based on two separate theories. The first theory is that defendant Brown is an actual party to the contract and that plaintiff's remedy lies solely in assumpsit. The second theory is that defendant Brown's interest in the corporation as president and owner operates to give him a privilege to induce the corporation to breach its contract.

The first theory is completely without merit, for there is no averment in the relevant portion of the complaint that defendant Brown entered into the agreement in his own behalf. Rather, as paragraph 26 of plaintiff's complaint clearly states, "The agreement was executed *on behalf of said Maintenance Coporation of America* [later renamed BMI], a Delaware

Corporation, by defendant Donald L. Brown." (Italics supplied.) A cardinal rule regarding the disposition of demurrers is that the facts are assumed to be true as set forth in the complaint. There is no averment that defendant Brown was a party to the contract, and, therefore, the objection that plaintiff's remedy lies solely in assumpsit cannot be adopted as grounds for sustaining the demurrer.

The second theory raises the true issue in this matter, and that is whether defendant Brown, because of his status as president and owner of the corporation, had a legal privilege to induce the corporation to breach its contract. This matter may better be understood by examining the requisite elements of the cause of action. The leading case in this area is Birl v. Philadelphia Electric Co., 402 Pa. 297, 167 A. 2d 472 (1960), in which it was stated, at pages 300-01:

"The elements of this tort of inducing breach of contract or refusal to deal, *which must be averred in the complaint,* are set forth in the Restatement, Torts, §766, which says, '. . . one who, *without a privilege to do so,* induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby'. In other words, the actor must act (1) for the purpose of causing this specific type of harm to the plaintiff, (2) *such act must be unprivileged,* and (3) the harm must actually result." (Italics supplied.)

The complaint contains no averment that defendant Brown's acts were not privileged. Where plaintiff in his complaint admits that defendant is an officer of the corporation, a party to the contract in issue, the failure to set forth with some particularity the reasons why no privilege should attach to his acts in that ca-

pacity must be fatal to the cause of action.[10] Accordingly, the demurrer must be sustained with leave granted to plaintiff to amend the complaint within 20 days.[11]

## ORDER

And now, August 31, 1972, the preliminary objections on behalf of defendant Donald L. Brown to the third count and to the fourth count of plaintiff's complaint are sustained with leave to plaintiff to amend his complaint within 20 days.

---

[10] Restatement, Torts, §769, entitled "Privilege of One Having Financial Interest in Business of Person Induced" provides:

"One who has a financial interest in the business of another is privileged purposely to cause him not to enter into or continue a relation with a third person in that business if the actor

"(a) does not employ improper means, and

"(b) acts to protect his interest from being prejudiced by the relation."

[11] See Fitzgerald v. Rottner, 94 Dauph. 477, at page 483 (1972). In view of the fact that the demurrers to the third and fourth counts of plaintiff's complaint are being sustained, we do not reach the motion to strike nor the motion for more specific complaint. But see, Levine v. Lerner, 94 Dauph. 484, at page 487 (1972).