524 A.2d 930

Andrew PANKO, Evelyn Panko and Nicholas Panko

v.

Vincent R. ALESSI and Caroline Alessi,

**Appeal of Vincent R. ALESSI.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1986.

Filed April 20, 1987.

Mark Barket, Pottsville, for appellant.

Before McEWEN, DEL SOLE and TAMILIA, JJ.

DEL SOLE, Judge:

The Appellees, Andrew and Evelyn Panko, husband and wife, and their son, Nicholas Panko, brought this action in equity to enforce specific performance of a land sale agreement. The chancellor entered a decree which ordered the Appellant Vincent Alessi to convey his interest in the land at issue, with the exception of a parcel he owns jointly with his wife, who did not sign the agreement of sale.

The parties have been friends for most of their lives. The Pankos, father and son, are regular customers in Mr. Alessi's gun shop. It was at the gun shop on May 23, 1975, that the parties executed an agreement of sale, whereby Mr. Alessi agreed to sell a plot of land known as "Diener's Hill" to the Pankos for $2,000. Andrew Panko gave Vincent Alessi a $500 down payment. Mr. Alessi subsequently refused to complete the transaction [1] and after repeated attempts to resolve the matter failed, the Pankos filed suit. When the chancellor found for the Pankos, Mr. Alessi filed this appeal.

Appellate review of equity matters is limited to a determination of whether the chancellor committed an error of law or an abuse of discretion. The scope of review of a final decree is limited and will not be disturbed unless it is unsupported by the evidence or is demonstrably capricious. *Rosen v. Rittenhouse Towers*, 334 Pa.Super. 124, 482 A.2d 1113 (1984).

The first argument raised by the Appellant is that the Statute of Frauds was not complied with because the Appellees' evidence of an agreement of sale was a carbon copy. The document in question is an agreement whereby Vincent P. Alessi agrees to sell a specified parcel of land to Andrew, Evelyn and Nicholas Panko for $2,000 and acknowledges

---

1. There was testimony at trial that the land is now worth much more than $2,000.

the receipt of $500 as 25% of the payment. The agreement states that time is of the essence and that closing will take place as soon as the Buyers' attorney completes the title search and paper work. Both the typewritten text and the signatures are in carbon. The Pankos offered the carbon copy into evidence because the Appellant was in possession of the original and failed to produce it for trial. The Appellant argues it was error for the trial court to order specific performance when the agreement of sale lacks the original signature of the vendor.

■ This issue raised by the Appellant calls for a discussion of the original document rule. That rule provides that in proving the terms of a writing, where the terms are material, the original writing must be produced unless it is shown to be unavailable for some reason other than the serious fault of the proponent. MCCORMICK ON EVIDENCE, § 230, (3d ed. 1984). In this case the original document was unavailable to the proponents of the evidence because it was in the hands of their adversary. Secondary evidence, such as a carbon copy, may be admitted by the trial court in these circumstances. The proponent must prove that (1) the original is in the hands of the adversary and (2) the proponent has given notice to produce the document at trial and it has not been produced. MCCORMICK, § 239; *see also Estate of Reuss*, 422 Pa. 58, 61, 220 A.2d 822 (1966).

■ The chancellor in this case heard testimony from the Appellees that this was a carbon copy of the original agreement of sale, and that the original was in the hands of Mr. Alessi. The chancellor chose to believe this testimony. The record supports the Appellees' testimony that they sought to have Mr. Alessi bring the original to trial. Having heard the testimony, the chancellor admitted the document into evidence and found that the parties had entered into a sales contract on May 23, 1975. The admission of secondary evidence should not be reversed except for a grave abuse of discretion. *Durkin v. Equine Clinics*, 313 Pa.Super. 75, 459 A.2d 417 (1983). We find no abuse of

discretion here: the chancellor correctly applied the law to the facts as he found them.

 The Appellant next argues that the agreement of sale cannot be specifically enforced for lack of a sufficient description of the realty. The Appellant notes that a contract to sell land cannot be specifically enforced unless it identifies the land in terms sufficient for a surveyor to determine its location and size by meters and bounds or adjoiners. *Pierro v. Pierro*, 438 Pa. 119, 264 A.2d 692 (1970).

In his opinion, the trial judge conceded that the agreement of sale was not a masterpiece of legal draftmanship. The court found, nonetheless, that the description of the land was specific enough to satisfy the Statute of Frauds. The agreement consisted of two pages, one of which contained this description of the real estate:

> "... certain parcels of land in the present ownership of SELLER, situated adjacent to and surrounding the house and property of Edward Frantz, R.D. 3, Pottsville, said real property being the entire amount owned by SELLER in that area with the exception of the strip of land that adjoins the Frantz property and to the corner of 8(1) and along the weiss property."

The second page consisted of a photocopy of a portion of the Schuylkill County Tax Assessment Map for the Township of East Norwegian. On this photocopy the parcels in question are outlined in red. The Appellant argues that the description on the deed which the Appellees had drawn up for the Appellant to execute contains an inexact description of the property. This is irrelevant because the chancellor relied on the agreement of sale, not the unexecuted deed, in reaching his conclusion that the Statute of Frauds had been complied with. We will not disturb the trial court's finding of specificity.[2]

2. Having found that the chancellor was correct in holding that the carbon copy of the agreement was admissible, we will not address the Appellant's remaining argument regarding the Statute of Frauds, the Statute having been satisfied.

█ The next issue raised by the Appellant is that the time is of the essence language in the agreement of sale is not enforceable. The Appellant claims that since the Appellee made no formal demand for the deed and no formal tender of the balance due for a period of five years, the Appellant is excused from performance.

The chancellor found, and the record supports the finding, that the Appellees made informal demands to complete the transaction every two or three months during the five year period. We therefore affirm the trial court's finding that this issue lacks merit.

█ The last issue raised by the Appellants is that the attorney-client privilege barred the testimony of one of the Appellees, Nicholas Panko. Mr. Panko is an attorney and the parties agree that he has represented the Appellant, Vincent Alessi, on various matters but not in the transaction at issue in this case. Mr. Panko did represent Mr. Alessi during some of the time the parties were in dispute about the agreement of sale in the instant case; Mr. Alessi contends that the attorney-client privilege extends to all statements made by him to Mr. Panko after the commencement of the attorney-client relationship.

The common law attorney client privilege, codified in Pennsylvania law at 42 Pa.C.S.A. § 5928, prevents an attorney from testifying to confidential communications made to him or her by a client. Mr. Panko's testimony did not concern any confidential communications made by Mr. Alessi. The attorney-client privilege does not bar all testimony by counsel concerning conversations with a client or a former client. It only bars testimony regarding confidential communications made during the course of representation. The relationship between the parties in the instant case was that of buyer-seller, not attorney-client, and consequently Nicholas Panko was competent to testify.

Having reviewed the record carefully in the light of Appellant's arguments, we find no error, and we affirm the decree of the chancellor.

Decree affirmed.