**Benton v. Mechanicsburg Sub-Acute Rehab Associates**

*Wayne Shade,* for plaintiff.
*David Getz,* for defendants.

HESS, *J.,* August 23, 1993—The plaintiff in this medical malpractice case has filed a suit against the captioned defendants, seeking recovery under a number of different theories. These include breach of contract, as well as wrongful death and survival, arising out of injuries allegedly sustained by plaintiff's decedent while a patient at Renova. Specifically, plaintiff contends that because of the negligence of the defendants, the decedent fell and broke his hip and that this injury to Mr. Benton hastened his death.

The plaintiff executrix has revealed that she prepared a typewritten statement containing her recollection of events leading up to the lawsuit. Her daughter, Betty Ann Hughes, typed the statement from plaintiff's handwritten notes. During the plaintiff's deposition, defendants' counsel asked for a copy of the statement. Plaintiff's counsel refused, claiming that the statement was prepared at his request and was therefore privileged.

On June 7, 1993, defendants' counsel wrote to plaintiff's counsel, again requesting the typewritten statement. Plaintiff's counsel responded by letter dated June 16, 1993, refusing to produce the document on the basis of attorney-client privilege, and citing *Haggerty v. Yamaha,* 19 Phila. 386 (1989). For reasons set forth below, we find *Haggerty* to be inapposite. We are compelled, nonetheless, to dismiss the defendants' motion to compel production of the statement.

## DISCUSSION

The case relied on by plaintiff is not factually analogous to the case before us. In *Haggerty*, the issue was whether two documents prepared by Yamaha's in-house counsel were protected by attorney-client privilege. One document—a letter addressed to outside counsel—was held to fall within the ambit of privilege. The other document—a memorandum evaluating government involvement, and containing legal strategies—was held to be protected as a work product of counsel. The instant case involves a report of the incident prepared by a client and not a document prepared by in-house counsel as in *Haggerty*.

There are several rules of civil procedure relevant to this motion. Rule 4003.1 permits a party to discover any matter, not privileged, which is relevant; Rule 4003.3 provides that a party may discover any matter discoverable under Rule 4003.1, in spite of its preparation in anticipation of litigation. Rule 4003.4, specifically, makes discoverable a written statement of a party. The scope of discovery is limited, however, to matters which are not privileged. Pa.R.C.P. 4011.

The common law attorney-client privilege has been codified in 42 Pa.C.S. §5928. That section prevents an attorney from testifying to confidential communications made by a client. See *e.g., Panko v. Alessi*, 362 Pa. Super. 384, 524 A.2d 930 (1987). The statutory language reads as follows:

"In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be com-

pelled to disclose the same, unless in either case this privilege is waived upon the trial by the client." 42 Pa.C.S. §5928.

The privilege protects disclosures or communications needed to obtain legal advice, which otherwise might not have been made absent privilege. *Brennan v. Brennan,* 281 Pa. Super. 362, 422 A.2d 510 (1980). The privilege is designed to engender confidence between an advocate and his client that permits an open dialogue. See *Estate of Kofsky,* 487 Pa. 473, 482, 409 A.2d 1358, 1362 (1979). "The privilege exists only to aid in the administration of justice, and when it is shown that the interests of the administration of justice can only be frustrated by the exercise of the privilege, the trial judge may require that the communication be disclosed." *Cohen v. Jenkintown Cab Company,* 238 Pa. Super. 456, 464, 357 A.2d 689, 693 (1976) (citing McCormick on Evidence section 87 at p. 177 (2d ed. 1972)). In making its determination, the trial court should resolve all doubt in favor of *non-disclosure. Id.*

In the instant case there can be no dispute that the typewritten statement is a "communication." Assuming this document was conveyed in confidence to Attorney Shade for the purpose of securing legal assistance, the privilege would apply. See *Brennan, supra* at 372, 422 A.2d at 515. On the other hand, it can be argued that because the statement from Ms. Benton was typed by her daughter, Betty Ann Hughes, the communication is no longer "confidential" within the meaning of 42 Pa.C.S. §5928. Neither court nor counsel have been able to find any authority dealing with the question of whether a statement to counsel is no longer privileged simply because

it has been shared with a third party. The resolution of this issue, we believe, lies in understanding the purpose of the attorney-client privilege.

As we have noted, the privilege is designed to promote the free flow of information between attorney and client. Where the intervention of a third party is necessary to facilitate that communication, it makes no sense to suggest that that intervention operates to waive the privilege. Here, plaintiff's daughter was asked to assist in making her mother's communication to her lawyer more legible. This is hardly different from the situation where relatives or close friends find themselves present in the attorney's office, with the client, having provided transportation services to the lawyer's office or moral support. On the other hand, the situation is markedly different from one in which a client makes known to a third party something which she had told to her lawyer on a prior occasion where the giving of that information to the third party is not necessary to facilitate communication with counsel.

In conclusion, we recognize that Pa.R.C.P. 4003.1 and 4003.3 could, in certain circumstances, require production of a statement similar to the one in issue. Here, however, the statement is a communication made solely for the purpose of procuring assistance of counsel. The sharing of a statement with a third party was, in turn, for the sole purpose of obtaining clerical assistance. We are satisfied, therefore, under the circumstances of this particular case, that the written statement of the plaintiff is privileged. In any event, following the guidance of *Cohen, supra,* we resolve any doubt in this regard in favor of nondisclosure.

## ORDER

And now, August 23, 1993, after careful consideration of the parties' briefs and oral arguments, defendants' motion to compel production of documents is denied and dismissed.