**Perry-Makowski v. Hospital of the University of Pennsylvania**

12

*John Gallagher,* for plaintiff.
*Joseph Messa Jr.,* for defendants.

BERNSTEIN, *J.,* May 22, 2003—This is an appeal from the discovery order entered May 31, 2002. The procedural setting is straightforward. Dr. Curtis Slipman, a physician at the Hospital of the University of Pennsyl-

vania, treated plaintiff, Melanie Perry-Makowski, for back pain over a two-year period and referred plaintiff to the defendant doctor, Edward Vresilovic, for orthopedic surgery. Plaintiff sued Dr. Vresilovic and the Hospital of the University of Pennsylvania for malpractice. On May 13, 2002, a discovery deposition was noticed by plaintiff for Dr. Slipman. At this deposition, Dr. Slipman testified that he had spoken with defense counsel for defendants Dr. Vresilovic and the hospital, had received medical materials for review, and had discussed the case in detail with counsel prior to the deposition.

When plaintiff's counsel questioned Dr. Slipman about the conversations he had with defense counsel before the deposition, Dr. Slipman was instructed not to respond. Defense counsel so instructed the deponent claiming "attorney-client privilege." Defense counsel contends that because Dr. Slipman is an employee of the hospital, communications with him should be treated the same as communications with the individual defendant, Dr. Vresilovic. Defense counsel further claims that he had a right to discuss the case with Dr. Slipman, that defense counsel's ex parte communication with Dr. Slipman was not a violation of Pennsylvania Rule of Civil Procedure 4003.6, and indeed, that his conversations and everything surrounding his relationship with Dr. Slipman are protected by the attorney-client privilege.[1] During argument on this

---

1. Rule 4003.6 reads: Information may be obtained from the treating physician of a party only upon written consent of that party or through a method of discovery authorized by this chapter. This rule shall not prevent an attorney from obtaining information from (1) the attorney's client, (2) an employee of the attorney's client, or (3) an ostensible employee of the attorney's client.

motion, defense counsel advised the court that he represented the defendants, Dr. Vresilovic and the hospital, as well as the deponent, Dr. Slipman. Over the course of the deposition, Dr. Slipman was directed not to answer 45 questions.

Plaintiff sought an order requiring answers, contending that these questions were intended to ascertain discoverable admissions as well as bias or interest which could affect the doctor's testimony concerning his patient, the plaintiff herein. Plaintiff further contends that Dr. Slipman's relationships with the hospital, Dr. Vresilovic, and with defense counsel in this case, were appropriate areas for inquiry at a discovery disposition.

Plaintiff moved to require answers to these questions at deposition and subsequently moved to disqualify defense counsel as the appropriate sanction for a violation of Rule 4003.6. The court directed that a more formal motion and briefs be filed.[2]

Because Dr. Slipman was an employee of the hospital, the court ruled that there had been no violation of Rule 4003.6. However, the relationship between a deponent, who may appear as a witness before a jury which must evaluate his credibility, and counsel for the defendants in that case, is a relevant and proper area for inquiry at a deposition. Accordingly, on May 31, 2002, the court entered an order requiring Dr. Slipman to answer questions regarding his communication with defense counsel in this case and his personal and professional

---

2. Discovery motions in Philadelphia are routinely argued without formal filing and briefing. Typically, in excess of 150 routine discovery motions are thus resolved each day.

relationships with defendants. Defense counsel appeals the entry of this order.

Dr. Slipman had been directed not to answer questions which inquired into his relationship with defense counsel, the information he received concerning the lawsuit, his conversations with Dr. Vresilovic about the deposition and the incident, whether he had reviewed any expert reports or had been told what the experts had opined, and whether he had discussed the medical treatment with other physicians or Dr. Vresilovic himself.

Dr. Slipman was further instructed not to answer specific questions which were designed to evaluate any interest in the outcome of the lawsuit, including:

(1) Was he being paid a fee by defense counsel?

(2) Was he asked by the defendants or counsel to serve as an expert witness?

(3) Had he served as an expert witness for defense counsel in the past?

(4) Had he ever spoken to experts retained for the defendants in this case?

(5) How often did he socialize with Dr. Vresilovic?

The trial court has broad discretion to take any measures it deems appropriate to insure "prompt and adequate discovery."[3] In *Stenger v. Lehigh Valley Hospital Center,* 382 Pa. Super. 75, 554 A.2d 954 (1989), the Superior Court noted: "we wholly embrace the conclusion of the Supreme Court of the United States that 'the trial court

---

3. *Iron Worker's Savings and Loan Association v. IWS Inc.,* 424 Pa. Super. 255, 274, 622 A.2d 367, 377 (1993).

is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. . . .' "[4]

As a general policy, Pennsylvania favors a liberal construction of its civil procedure rules.[5] Discovery is governed by Pa.R.C.P. 4003.1, which permits the discovery of any information that is reasonably calculated to lead to the discovery of admissible evidence. It is not necessary that information sought at discovery be admissible at trial.[6] Likewise, it is proper to inquire about materials which were reviewed or available for review prior to trial or deposition testimony.

In *Goodis v. Gimbel Brothers,* 420 Pa. 439, 218 A.2d 574 (1966), the Supreme Court expressed the policy that a witness should be required to "lift his visor so that the jury could see who he was, what he represented, and what interest, if any, he had in the results of the trial, so that the jury could appraise his credibility."[7] It is permissible to impeach a witness by showing any partiality that witness has to a party for whom he or she is testifying.[8] In *Downey v. Weston,* 451 Pa. 259, 301 A.2d 635 (1973), the Superior Court held that "[i]t is beyond question that

---

4. 382 Pa. Super at 88, 554 A.2d at 960.

5. *Szarmack v. Welch,* 456 Pa. 293, 298, 318 A.2d 707, 710 (1974), citing Pa.R.C.P. 126—"The rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every action or proceeding to which they are applicable."

6. Pa.R.C.P. 4003.1(b) provides: "[i]t is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."

7. 420 Pa. at 445, 218 A.2d at 577.

8. *Brady v. Ballay, Thornton, Maloney Medical Associates Inc.,* 704 A.2d 1076, 1083 (Pa. Super. 1997).

the interest in or bias of a witness towards either side of a lawsuit may be exposed upon cross-examination." [9] Pursuant to *Downey,* a personal friendship between a testifying physician and a party or that party's attorney can, of course, be presented in evidence at trial.[10] It is entirely proper to question an expert witness as to whether he or she will receive a fee for testifying, or whether he or she has a personal friendship with the party calling him or that party's counsel.[11]

The scope of discovery is limited by privileged matter. The trial judge has broad discretion to evaluate privileged matter sought in discovery.[12] The attorney-client privilege may be asserted during discovery if it relates to confidential communications, made by the client to the attorney, in connection with the attorney's legal services.[13] As codified in 42 Pa.C.S. §5928, this privilege protects the client from being compelled to disclose communications made between him and his attorney. Once the privilege is properly invoked, the burden shifts to the party seeking disclosure to show that the disclosure of such information will not violate the privilege.[14]

However, not all conversations between an attorney and client are privileged. The privilege only pertains to "confidential communications made during the course

---

9. *Downey v. Weston,* 451 Pa. 259, 263, 301 A.2d 635, 639 (1973).
10. *Id.* at 259, 301 A.2d at 639.
11. *Spino v. John S. Tilley Ladder Company,* 448 Pa. Super. 327, 352, 671 A.2d 726, 738 (1996).
12. *George v. Schirra and FBC Inc.,* 814 A.2d 202, 204 (Pa. Super. 2002).
13. *Commonwealth v. DuPont,* 730 A.2d 970, 977 (Pa. Super. 1999).
14. *In re Subpoena No. 22,* 709 A.2d 385, 388 (Pa. Super. 1998).

of representation" of the client himself.[15] The Superior Court has adopted the following test to determinate when the attorney-client privilege should apply:

(1) the person claiming the privilege is, or intended to become, a client;

(2) the communication was made to a member of the bar or a close subordinate;

(3) the communication is about the subject of legal representation and not intended to aid a crime or tort; and

(4) the privilege has not been waived.[16]

In the present matter, the deposition questions posed by plaintiff's counsel may not be limited to the extent claimed by defendant. These questions may reveal information that is highly relevant to Dr. Slipman's bias, prejudice or interest in the case, particularly those inquiries relating to compensation. The fact that this information may be inadmissible at trial is not grounds for objection at deposition. Any information supporting the fact that Dr. Slipman may have a reason to testify in favor of any of the defendants is reasonably calculated to lead to evidence that is in fact admissible at trial. Only when personal and financial relationships are known can a determination be made by plaintiff's counsel as to whether there is any relevant evidence to present to a jury.

---

15. *Panko v. Alessi,* 362 Pa. Super. 384, 389, 524 A.2d 930, 932 (1987).

16. *Commonwealth v. Mrozek,* 441 Pa. Super. 425, 657 A.2d 997 (1995).

The objected-to questions about conversations between the deponent and Dr. Vresilovic himself may include direct admissions concerning the care rendered to the plaintiff. Such admissions are clearly admissible and may even become critical at trial.

Defense counsel's claim of attorney-client privilege has been presented in an overly broad manner. The attorney-client privilege is limited to confidential communications relating to counsel's representation of Dr. Slipman. Dr. Slipman is neither a defendant nor a potential defendant in this particular matter, and counsel's representation of Dr. Slipman is for this lawsuit's deposition only. The deposition questions asked are unlikely to in any manner concern defense counsel's representation of Dr. Slipman. Thus, the scope of any proper privilege is extremely limited. Of course, any questions which explicitly impinge on the attorney-client privilege and specifically relate to matters concerning confidential communications in the representation of Dr. Slipman himself at the deposition need not be answered. However, questions relating to conversations designed to influence his factual testimony, or to attempts to engage Dr. Slipman as an expert or advocate in this very litigation, are not in furtherance of representation of Dr. Slipman at the deposition and may be highly relevant to testimony presented at trial.[17] It would be highly unfair and prejudicial to

---

17. Initially, this court believed that it may represent a conflict of interest for the same counsel to represent the deponent, Dr. Slipman, and the hospital, his employer at the deposition. Upon briefing and consideration this court concluded that it is neither a conflict nor a violation of any ethical obligation of counsel and plaintiff's motion to disqualify counsel was denied. However, plaintiff's inquiry could pos-

plaintiff's case to prevent plaintiff from discerning whether Dr. Slipman had been solicited to testify as an expert at trial, or whether the defendant doctor made admissions.

For the reasons set forth above Dr. Slipman should be required to respond to the specific and limited questions concerning his relationship with the parties and counsel in the matter, the materials that he had available for review prior to the deposition, and his relationship to the litigation and any admissions by parties to the litigation. The discovery order of the court should be affirmed.

---

sibly be more clearly restricted if Dr. Slipman were represented by independent counsel. However, having concluded that the same counsel may represent the deponent and the defendants, the choice of counsel is that of Dr. Slipman.