**Brian C. SLUSAW, Appellant,**

v.

**Daria A. HOFFMAN, Appellee.**

Superior Court of Pennsylvania.

Argued March 9, 2004.

Filed Sept. 13, 2004.

Reargument Denied Dec. 9, 2004.

Eugene A. Wrona, Allentown, for appellant.

Susan G. Maurer, Allentown, for appellee (no brief filed).

Before: BOWES, McCAFFERY and POPOVICH, JJ.

OPINION BY POPOVICH, J.:

¶ 1 Brian C. Slusaw (Slusaw) appeals from the order entered July 22, 2003, in the Lehigh County Court of Common Pleas. On appeal, Slusaw claims that the trial court erred when it denied his motion to quash subpoenas and that Susan G. Maurer, Esquire, lacked standing to file a petition for contempt in Family Court. Upon review, we affirm the trial court's order.

¶ 2 This appeal arose out of a dispute between Slusaw and Daria A. Hoffman for legal custody of their minor son, Blake Hoffman Slusaw (Blake). During the dispute, Slusaw petitioned the trial court to appoint a guardian *ad litem* for Blake. On November 14, 2000, the trial court granted Slusaw's petition and appointed Attorney Maurer as guardian *ad litem.* The trial court also ordered Slusaw to pay 80 percent of Attorney Maurer's fees and ordered Ms. Hoffman to pay 20 percent of Attorney Maurer's fees. On April 16, 2003, Slusaw and Ms. Hoffman settled their custody dispute. On April 17, 2003, Attorney Maurer filed a petition for contempt against Slusaw for non-compliance with the trial court's November 14, 2000 order that directed Slusaw to pay his share of Attorney Maurer's fees. A contempt hearing was held on May 28, 2003, where Slusaw argued that his refusal to pay Attorney Maurer's fees was justified because the fees were unreasonable. The trial court decided that the reasonableness of Attorney Maurer's fees needed to be determined and gave Attorney Maurer permission to amend her petition for contempt to include the services performed by Attorney Maurer acting as guardian *ad litem,* the amount charged for those services, a formal request for approval of the fee, and a request for an order directing Slusaw to pay the fee. Thereafter, the trial court continued the contempt hearing until August 1, 2003. Attorney Maurer filed her amended petition for contempt on July 14, 2003.

¶ 3 Meanwhile, on June 10, 2003, Attorney Maurer issued subpoenas on Nancy P. Wallitsch, Esquire, and James L. Reich, Esquire, who had both represented Slusaw at some point in the child custody case, to appear to testify at the August 1, 2003 contempt hearing. The subpoenas also directed Attorneys Wallitsch and Reich to bring copies of their invoices for time billed to Slusaw for legal representation in the case. On July 17, 2003, Slusaw filed a motion to quash subpoenas, claiming that the information requested in the subpoenas was protected by the attorney-client privilege. The trial court denied the motion on July 22, 2003. Slusaw filed a timely appeal of the trial court's denial of his motion to quash subpoenas on July 25, 2003. The trial court did not order Slusaw to file a 1925(b) statement, and it did not author a 1925(a) opinion.

¶ 4 On appeal, Appellant presents the following questions for our review:

1. Whether the [trial] court abused its discretion and erred as a matter of law when it denied a [m]otion to [q]uash subpoenas absent an offer of proof that the disclosure of information does not violate the attorney-client privilege and is relevant to the issue before the [trial] [c]ourt?

2. Whether the [trial] court ruling to deny Slusaw's [m]otion to [q]uash is arbitrary and capricious resulting from the prejudice and bias of the court?

3. Whether [Attorney Maurer] lacks standing to file an action in the [trial] [c]ourt under the custody action docket and therefore lacks standing to serve a subpoena?

Slusaw's brief, at 4.

¶ 5 Before addressing the merits of Slusaw's claim, we must determine whether the trial court's order, which is not a final order, is nonetheless appealable. Generally, appeals lie only from final orders. *Rieser v. Glukowsky*, 435 Pa.Super. 530, 646 A.2d 1221, 1223 (1994) (subject matter jurisdiction may be raised by appellate court *sua sponte* ); 42 Pa.C.S.A. § 742. However, the collateral order doctrine, now embodied in Pa.R.A.P. 313, "permits an appeal as of right from a nonfinal order if it is separable from and collateral to the main action, involves a right too important to be denied review and, if the review is postponed, the right will be irreparably lost." *Gocial v. Independence Blue Cross*, 827 A.2d 1216, 1220 (Pa.Super.2003); Pa.R.A.P. 313.

¶ 6 For a claim to be separable and collateral, the nature of the issue to be reviewed must be such that it can be addressed without the need to analyze the central issue of the case. *See Ben v. Schwartz*, 556 Pa. 475, 481, 729 A.2d 547, 550 (1999). The central issue in this case is a custody dispute, which had been settled prior to Slusaw filing his motion to quash subpoenas. Therefore, in addressing the current issue on appeal, the custody dispute does not have to be re-analyzed, and the separable and collateral prong of the doctrine is satisfied. Next, the issue on appeal must involve a right too important to be denied review. Our Supreme Court has determined that resolution of the issue of whether material sought which was claimed to be privileged was, in fact, privileged implicated rights deeply rooted in public policy, impacted upon individuals other than the parties, and, therefore, was too important to be denied review. *Id.*, at 484, 729 A.2d at 552. In the instant case, Slusaw claims that the attorney-client privilege prevents Attorney Maurer from subpoenaing Attorneys Wallitsch and Reich. Because assertion of the attorney-client privilege is too important to be denied review, the second requirement of the collateral order doctrine is satisfied. Additionally, we find that the final prong of the collateral order test has been met because "there is no effective means of reviewing after a final judgment an order requiring the production of putatively protected material." *Id.*, at 485, 729 A.2d at 552. Accordingly, the present case is ripe for review.

¶ 7 On review of a challenge to the disposition of a motion to quash a subpoena, we have stated:

Whether a subpoena shall be enforced rests in the judicial discretion of the court. We will not disturb a discretionary ruling of a [trial] court unless the record demonstrates an abuse of the court's discretion. So long as there is evidence which supports the [trial] court's decision, it will be affirmed. We may not substitute our judgment of the evidence for that of the [trial] court.

*In re Subpoena No. 22*, 709 A.2d 385, 387 (Pa.Super.1998) (internal citations and quotations omitted).

¶ 8 "The attorney-client privilege has been a part of Pennsylvania law since the founding of the Pennsylvania colony, and has been codified in our statutory law." *In re Estate of Wood*, 818 A.2d 568, 571 (Pa.Super.2003) (citation omitted). The relevant provision states, as follows:

In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be

compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client.

42 Pa.C.S.A. § 5928.

¶ 9 Slusaw contends that the trial court committed an abuse of discretion by denying his motion to quash subpoenas. Slusaw argues that the attorney-client privilege prohibits Attorneys Wallitsch and Reich from testifying regarding meetings and telephone calls with Attorney Maurer while Attorney Maurer served as guardian *ad litem*. We disagree.

¶ 10 Attorneys Wallitsch and Reich's testimony regarding meetings and telephone calls with Attorney Maurer is not a violation of the attorney-client privilege. The purpose of the subpoena was to elicit testimony regarding Attorneys Wallitsch and Reich's interactions with Attorney Maurer to demonstrate the extent and nature of Attorney Maurer's work as guardian *ad litem*. Attorney Maurer did not issue the subpoenas to obtain evidence of Slusaw's confidential communications with Attorneys Wallitsch and Reich. Therefore, the trial court did not commit an abuse of discretion when it determined that the attorney-client privilege did not prohibit Attorneys Wallitsch and Reich from testifying regarding their respective meetings and telephone calls with Attorney Maurer.

■ ¶ 11 Slusaw also argues that the attorney-client privilege prohibits Attorneys Wallitsch and Reich from producing the invoices they billed to Slusaw. We disagree.

¶ 12 As we stated previously, the counsel cannot testify regarding confidential communications made to him by his client unless the privilege is waived. 42 Pa. C.S.A. § 5928. In addition to confidential communications which flow from a client to his or her attorney, we have held that the attorney-client privilege applies to confidential communications which flow from an attorney to his or her client to the extent the communications are based upon confidential facts that the client disclosed initially to the attorney. *See Commonwealth v. Brown*, 116 Pa.Super. 1, 175 A. 748, 756 (1934) (holding that the attorney-client privilege, codified as 28 P.S. § 321 (repealed, privilege now codified in 42 Pa. C.S.A. § 5928, effective June 27, 1978), protects confidential communications flowing from an attorney to his or her client). While not binding authority, our federal courts have also held that the attorney-client privilege extends to confidential communications made from an attorney to his or her client. *See In re Westinghouse Elec. Corp. Uranium Contracts*, 76 F.R.D. 47, 56–57 (D.C.Pa.1977); *see also In re Tire Workers Asbestos Litigation*, 125 F.R.D. 617, 621 (E.D.Pa.1989).

■ ¶ 13 The attorney-client privilege exists to foster a confidence between attorney and client that will lead to a trusting and open dialogue. *Gocial*, 827 A.2d at 1222 (citations and quotation omitted). With this purpose in mind, we hold that Attorneys Wallitsch and Reich may produce invoices billed to Slusaw. The subpoenaed invoices are not privileged documents to the extent that they do not disclose confidential communications which Slusaw disclosed to Attorneys Wallitsch and Reich. If the invoices contain any references to such confidential communications, those references can be redacted from the invoices. Therefore, privileged communications between Slusaw and Attorneys Wallitsch and Reich are not disclosed, and the trial court can determine the merits of the dispute, *i.e.*, the reasonableness of Attorney Maurer's fees.

■ ¶ 14 Slusaw also contends that the information subpoenaed is not relevant,

and, therefore, the trial court erred in denying his motion to quash the subpoenas. We are not persuaded by this argument. Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence more or less probable than it would be without the evidence. *See* Pa.R.E. 403. Generally, all relevant evidence is admissible. However, relevant evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice. *Id.* Slusaw does not argue that the probative value of the subpoenaed evidence is outweighed by its prejudicial value. Rather, Slusaw argues that Attorney Maurer does not offer any proof of what relevant information Attorneys Wallitsch and Reich would provide. Attorney Maurer subpoenaed Attorneys Wallitsch and Reich to testify regarding the reasonableness of Attorney Maurer's fees and to provide copies of their billing invoices. Because Attorneys Wallitsch and Reich represented Slusaw at some point during the dispute, their testimony and documents produced would relate to the nature and amount of hours Attorney Maurer served as guardian *ad litem*. Therefore, the subpoenaed information is relevant, and the trial court did not err in denying Slusaw's motion to quash subpoenas.

■ ¶ 15 Slusaw also claims that the trial court was biased toward Attorney Maurer when it denied Slusaw's motion to quash subpoenas. Slusaw requests that we reverse the trial court's denial of his motion to quash subpoena. We find Slusaw's claim is without merit.

¶ 16 We have stated previously:

[A] party to an action has the right to request the recusal of a jurist where that party has a reason to question the impartiality of the court. A party seeking recusal must assert specific grounds in support of the recusal motion before the trial judge has issued a ruling on the substantive matter before him or her. The proper practice on a plea of prejudice is to address an application by petition to the judge before whom the proceedings are being tried. He may determine the question in the first instance, and ordinarily his disposition of it will not be disturbed unless there is an abuse of discretion.

*Rohm and Haas Co. v. Continental Cas. Co.*, 732 A.2d 1236, 1260–61 (Pa.Super.1999) (internal citations and quotation omitted).

¶ 17 Slusaw did not follow the proper procedure for requesting recusal. He did not file a motion for recusal, and he argues this issue for the first time in his appellate brief. *See* Slusaw's brief, at 16–20. As such, the trial court did not have the opportunity to determine if recusal was proper. Furthermore, Slusaw did not challenge the trial court's partiality until the trial court denied his motion to quash subpoenas. At this point in the pending case, the trial court had made numerous rulings, and the parties had settled the underlying custody dispute. Our Supreme Court has held that adverse rulings alone do not establish the requisite bias warranting recusal, especially where the rulings are legally proper. *Commonwealth v. Abu–Jamal*, 553 Pa. 485, 508, 720 A.2d 79, 90 (1998). We found previously that the trial court did not err by finding that the information subpoenaed was not protected by the attorney-client privilege. Therefore, we find Slusaw's claim without merit.

■ ¶ 18 Slusaw's final argument is that Attorney Maurer lacked standing to file an action for guardian *ad litem* fees in Family Court. This underlying case was properly filed in Family Court because it was a custody dispute. Slusaw petitioned the court to appoint a guardian *ad litem* for his minor son, Blake, and the trial court appointed Attorney Maurer as

guardian *ad litem.* The trial court then ordered Slusaw to pay his share of Attorney Maurer's fees. However, Slusaw refused to pay his share of the fees and now challenges Attorney Maurer's standing in Family Court. We find that Family Court was the proper civil division for Attorney Maurer to file her petition for contempt because the Family Court originally ordered Slusaw to pay Attorney Maurer's fees. Therefore, Slusaw's argument fails.

¶ 19 As we have found that the trial court did not err when it denied Slusaw's motion to quash subpoenas and that Attorney Maurer had standing to file a petition for contempt in Family Court, we affirm the trial court's July 22, 2003 order.

¶ 20 Order affirmed.