J-S12017-18

2018 PA Super 120

S.G.,

v.

J.M.G.,

Appeal of: Dr. K.L., Custody Evaluator

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1106 MDA 2017

Appeal from the Order entered June 15, 2017,
in the Court of Common Pleas of Luzerne County,
Civil Division, at No(s): 2387-2013.

BEFORE: LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

OPINION BY KUNSELMAN, J.:                          **FILED MAY 04, 2018**

Dr. Ken Lewis performed an expert custody evaluation in the litigation between S.G. ("Mother") and J.M.G. ("Father"), and now appeals the trial court's determination that he lacked standing to bring a contempt action against Mother for her nonpayment of court-ordered fees. Because the trial court ordered Mother to pay the fee as part of the custody proceeding, we find Dr. Lewis had standing to bring a contempt action against Mother. We reverse and remand.

The underlying custody action involved the parents and their three children. Father originally engaged Dr. Lewis as his expert witness. After a pre-trial conference, Mother and the children were to submit to Dr. Lewis' evaluation, and the costs for the evaluation were to be paid by Father. Mother was given a period of time to retain her own expert and to submit to

Dr. Lewis' custody evaluation. However, Mother repeatedly failed to make herself available to Dr. Lewis and failed to retain her own expert in a timely manner. Pursuant to Pa.R.C.P. 1915.8(1),[1] and in view of Mother's repeated failures to comply or cooperate, the trial court issued an order allocating a portion of Dr. Lewis' costs to Mother in the amount of $11,065.15; Father had paid Dr. Lewis approximately $9,564.25 for his work. Mother appealed this fee determination; we affirmed the trial court. *See **S.G. v. J.M.G.***, 409 MDA 2015, 2016 WL 548568 (Pa. Super. 2016). Our Supreme Court denied Mother's Petition for Allowance of Appeal. ***See*** 195 MAL 2016. Therefore, the matter of Mother's liability for her portion of Dr. Lewis' fee is settled.[2]

On April 24, 2017, Dr. Lewis filed a "Motion for Contempt" against Mother under the same custody caption and case number, in which he served as a custody evaluator. He did not seek to intervene as a party. On May 11, 2017, the trial court ordered the parties to submit briefs on the

_____

[1] Pa.R.A.P. 1915.8(1) provides: "The court may order the child(ren) and/or any party to submit to and fully participate in an evaluation by an appropriate expert or experts. . . . In entering an order directing an evaluation pursuant to this rule, the court shall consider all appropriate factors, including the following, if applicable: (1) **the allocation of costs**, including insurance coverage, if any, attendant to the undertaking of the evaluation and preparation of the resultant report and court testimony of any appointed expert[.]" (Emphasis added).

[2] Because the amount Mother owes Dr. Lewis was determined by a final order, Dr. Lewis could obtain a judgment against Mother for the court-ordered fees and attempt to collect through execution proceedings.

issue of Dr. Lewis' standing to petition the custody court for civil contempt. On June 15, 2017, the trial court dismissed the "motion for contempt" for lack of standing. Dr. Lewis, proceeding without counsel, filed this appeal.

Despite the fact that Dr. Lewis posits multiple issues within his appellate brief, there is really only one matter before us: whether the trial court erred when it dismissed Dr. Lewis' contempt petition for lack of standing. We find the trial court did so err.

We begin by noting our scope and standard of review. "Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." *In re: Rosemary C. Ford Inter Vivos QTIP Trust*, 176 A.3d 992, 999 (Pa. Super. 2017) (citing *Rellick-Smith v. Rellick*, 147 A.3d 897, 901 (Pa. Super. 2016).

In its 1925(a) opinion, the trial court quotes a passage from our decision in *In re Contempt of Cullen*, 849 A.2d 1207, 1210 (Pa. Super. 2004). There, we were expounding upon the difference between criminal and civil contempt when we stated: "[W]here the act of contempt complained of is the refusal to do or refrain from doing some act ordered or prohibited primarily for the benefit of a **private party**, proceedings to enforce compliance with the decree of the court are civil in nature." *Id.* (emphasis added); *see also* Trial Court Opinion, 9/21/17, at 5 (emphasis original). The trial court takes from this discussion that only a private party may seek enforcement of a court order via its contempt process. As Dr.

Lewis is not a party to this custody action, the trial court concluded that he lacked standing.[3]  We disagree.

We are not without guidance on the issue before us.  In **Slusaw v. Hoffman**, 861 A.2d 269, 274-275 (Pa. Super. 2004), the guardian *ad litem* ("GAL") who represented a child in custody proceedings brought a contempt petition against the father for the nonpayment of court-ordered fees.  There, the father argued that the GAL lacked standing to file an action for fees in family court, where the underlying custody dispute was heard.  We found that family court was the proper civil division for the GAL to file her petition for contempt, because the family court originally ordered the father to pay GAL the fees.  **Id.**

In the instant case, Mother makes the same argument, i.e. that Dr. Lewis lacks standing to file a contempt petition in her custody case.  We see no reason to depart from our decision in **Slusaw, supra**; there is no need to distinguish between the nature of a GAL and an expert custody evaluator in this instance.  The lynchpin for us in **Slusaw** was not the role of the GAL, but rather the nature of the parent's obligation to pay the fees to a

_____

[3] It appears, Dr. Lewis seeks contempt because he wants to have Mother incarcerated for her failure to pay his fees.  As this would be an action for civil contempt, seeking compliance with a court order, and not criminal contempt, seeking punishment, we note that before the court can order incarceration, it must first determine that Mother has the present ability to pay and that her failure to pay was willful.  **See generally**, **Bearden v. Georgia**, 461 U.S. 660 (1983).

- 4 -

professional who provided services in the case. In *Slusaw*, as is the case here, the custody court *ordered* the parent to pay these costs. As such, the issuing court was the proper court to adjudicate the alleged contempt of its order. Thus, we conclude that Dr. Lewis has standing to bring his contempt action before the custody court in the same custody proceeding where Mother was ordered to pay his fees. The trial court erred in finding otherwise.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2018